NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JEFFREY RAPAPORT, M.D., P.A., et al., | |
| Plaintiffs, | **Civil Action No. 11-2254 (SRC)** |
| v. | **OPINION** |
| ROBIN WEINGAST & ASSOCIATES, INC. and ROBIN WEINGAST, | |
| Defendants and Third-Party Plaintiffs, | |
| v. | |
| WAYNE WASSERMAN and WASSERMAN & WISE, | |
| Third-Party Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court on the motion by Third-Party Defendants Wayne Wasserman and Wasserman & Wise ("Third-Party Defendants" or "Wasserman Defendants") to dismiss the Third-Party Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Entry 100) Third-Party Plaintiffs Robin S. Weingast & Associates, Inc., and Robin S. Weingast ("Third-Party Plaintiffs" or "Weingast Defendants") have opposed the motion. (Docket Entry 115) The Court will rule on the papers submitted, and without oral argument. See Fed. R. Civ. P. 78. For the reasons that follow, the Court will grant the motion in part and deny it in part.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of the failure of a so-called "Beta Plan" to deliver on supposed tax advantages.[1] Plaintiff Jeffrey Rapaport is the sole shareholder of Plaintiff Jeffrey Rapaport M.D., P.A., ("JDMDPA") (collectively the "Rapaport Defendants") a cosmetic skin and surgery center located in Englewood Cliffs, New Jersey.  Plaintiff Amanda Rapaport is Jeffrey Rapaport's wife. On March 16, 2011, the Rapaport Plaintiffs filed suit in New Jersey Superior Court against Defendants Robin S. Weingast & Associates, Inc. and Robin S. Weingast, respectively a professional corporation engaged in the insurance business and its owner.[2]  On May 6, 2013, the Weingast Defendants filed a two-count third-party complaint ("Third-Party Complaint") against Wayne Wasserman and Wasserman & Wise for contribution and indemnity.  According to the Third-Party Complaint, in their capacities as the Rapaport Plaintiffs' accountants and financial advisors, the Wasserman Defendants advised the Plaintiffs on the tax consequences of the Beta Plan and prepared the tax returns that were challenged by the IRS.  The Wasserman Defendants now move to dismiss the Third-Party Complaint.

II.  **DISCUSSION**

   A.   **Standard of Review**

---

[1] Because the Court writes primarily for the parties, and because the facts alleged in the Original Complaint have already been painstakingly summarized by Judge Cavanaugh in his opinion on an earlier motion to dismiss, see Jeffrey Rapaport M.D., P.A. v. Robin S. Weingast & Associates, Inc., 859 F. Supp. 2d 706, 710-14 (D.N.J. 2012), the Court will restate only the most basic facts of the case.

[2] The Rapaport Plaintiffs sued a number of additional defendants, but those claims were dismissed at an earlier stage of the proceedings.  See id.

A complaint will survive a motion under Rule 12(b)(6) if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Third Circuit, following Twombly and Iqbal, has held that Rule 8(a) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). In a Rule 12(b)(6) motion, the Court is limited in its review to a few basic documents: the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

B. **Choice of Law**

In moving to dismiss the Third-Party Complaint, the Wasserman Defendants argued under both New York and New Jersey law. In opposition to the motion, Third-Party Plaintiffs contend that New York law governs this action, because there is an actual conflict between New York and New Jersey laws, and New York has the superior interest. The Wasserman Defendants have now accepted, for the purposes of the motion, that New York law controls. Because the governmental interest test is fact-sensitive and requires more information than is available in the pleadings, Adami v. Cardo Windows, Inc., No. 12-2804, 2013 WL 3821466 (D.N.J. July 23, 2013), and because the parties have agreed, at least for the purposes of the motion, that New York law governs, the Court will apply New York law without undertaking a formal choice-of-law analysis.

C. **Indemnity**

The Wasserman Defendants have moved to dismiss the Weingast Defendants' indemnity claim on the grounds that the Third-Party Complaint fails to plead the existence of a legally significant relationship between the parties.

Indemnity refers to "the right of a party who is secondarily liable to recover from the party who is primarily liable for reimbursement of expenditures paid to a third party for injuries resulting from a violation of a common-law duty." Black's Law Dictionary (9th ed. 2009). The right to indemnity "may be based upon an express contract, but more commonly the indemnity obligation is implied . . . based upon the law's notion of what is fair and proper as between the parties." Mas v. Two Bridges Associates by Nat. Kinney Corp., 75 N.Y.2d 680, 690 (1990). Generally, implied indemnity "is available in favor of one who is held responsible solely by operation of law because of his relation to the actual wrongdoer. . . ." Id. "[T]he key element of a common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is 'a separate duty owed the indemnitee by the indemnitor'" Raquet v. Braun, 90 N.Y.2d 177, 183 (1997) (quoting Mas, supra, 75 N.Y.2d at 690). "The duty that forms the basis for the liability arises from the principle that 'every one is responsible for the consequences of his own negligence, and if another person has been compelled to pay the damages which ought to have been paid by the wrongdoer, they may be recovered from him.'" Id. (quoting Oceanic Steam Nav. Co. v. Compania Transatlantica Espanola, 134 N.Y. 461, 468 (1892)) (internal ellipses omitted).

The Wasserman Defendants argue that the indemnity claim fails because the Weingast Defendants are not alleged to be liable based upon any relationship that existed between them and the Wasserman Defendants; if the Weingast Defendants are liable at all, it will be for their

4

own wrongful conduct. The Court agrees. The Weingast Defendants cannot point to any allegations that, taken alone or together, establish the existence of the kind of relationship upon which a claim for indemnity may rest. For example, the Weingast Defendants allege that the Wasserman Defendants introduced Plaintiffs to the Weingast Defendants, were "intimately involved" in the Plaintiffs' decision to participate in the Beta Plan, and prepared the Plaintiffs' challenged tax returns. As the Wasserman Defendants correctly argue, none of these facts tend to establish that a legally significant relationship existed between the Wasserman Defendants and the Weingast Defendants. Accordingly, the Court will dismiss the indemnity claim with prejudice.

**D.     Contribution**

The Wasserman Defendants originally moved to dismiss the contribution on the grounds that the Third-Party Complaint failed to plead facts sufficient to establish a claim for contribution. However, in their reply brief, the Wasserman Defendants withdrew their motion to the extent that it was premised on pleading deficiencies and instead requested that the Court convert the motion into a motion for summary judgment.

The standard for converting a motion to dismiss into a motion for summary judgment is well-established. Under Federal Rule of Civil Procedure 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 775 (3d Cir. 2013) (citing E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011)).

In this case, the movant did not originally rely on matters outside of the pleadings; it was only on reply that the Wasserman Defendants invited the Court's attention to a document they argue releases them from liability on the contribution claim under New York General Obligations Law § 15-108(a). The Court finds that the present circumstances do not warrant converting the motion to dismiss to a motion for summary judgment. Without a more fully developed factual record and additional briefing, the Court is unwilling to render a summary judgment decision.[3] The contribution claim must therefore survive, pending a full opportunity to consider a proper summary judgment motion.

### III. CONCLUSION

For the foregoing reasons, the Court will grant the motion to dismiss in part and deny it in part. An appropriate Order accompanies this Opinion.

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: August 29, 2013

---

[3] The Court having declined to convert the motion to dismiss into a motion for summary judgment, the Weingast Defendant's motion to strike pages 7-11 of the Wasserman Defendant's reply brief (Docket Entry 127) will be dismissed as moot.