NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY RAPAPORT M.D., P.A., JEFFREY RAPAPORT, and AMANDA RAPAPORT, | Civil Action No. 11-02254 (SRC) |
| Plaintiffs, | OPINION |
| v. | |
| ROBIN S. WEINGAST & ASSOCIATES, INC. and ROBIN S. WEINGAST, | |
| Defendants and Third-Party Plaintiffs, | |
| v. | |
| WAYNE WASSERMAN and WASSERMAN & WISE, | |
| Third-Party Defendants. | |

**CHESLER**, District Judge

On September 12, 2013, Magistrate Judge Cathy L. Waldor issued a Discovery Order that, among other things, directed Defendants Robin S. Weingast & Associates, Inc. and Robin S. Weingast ("Defendants") to produce certain communications with their clients regarding the tax consequences of an investment in a sophisticated type of welfare benefit plan. [Docket Entry 138 (September 12, 2013 Order at ¶ 9).] Defendants now appeal this portion of the Discovery Order, pursuant to Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.1(c). [Docket Entry 141.] Plaintiffs Jeffrey Rapaport M.D., P.A., Jeffrey Rapaport, and Amanda Rapaport ("Plaintiffs") have opposed. [Docket Entry 150.] For the reasons that follow, Judge Waldor's Order is affirmed.

**I.    Background**

Plaintiffs' lawsuit seeks redress for the adverse tax consequences allegedly resulting from a "Beta Plan" – *i.e.*, an Internal Revenue Code § 419 Welfare Benefit Plan – established by Defendants for Plaintiffs' benefit.[1]  The instant motion asks the Court to wade into the murky waters of ongoing discovery and substitute its judgment for that of Judge Waldor as it pertains to the scope of discovery of advice given by Defendants to third parties regarding the tax consequences of these so-called Beta Plans.  In particular, Judge Waldor has directed Defendants to "produce any records or communications dated 1995, 2002, 2003, and 2004 that discuss the deductibility of amounts paid as premiums in connection with the Beta Plan[.]"  (September 12, 2013 Discovery Order at ¶ 9.)  Plaintiffs seek the information described in Paragraph Nine of Judge Waldor's Discovery Order "to discover whether or not the Weingast Defendants were giving similar advice about the [tax] deductibility of the BETA plan to any of their other clients." (Opp. Br. at 11.)  Defendants regard this information as inadmissible Fed. R. Evid. 404(b) prior bad acts evidence, a characterization that Defendants argue renders the information both irrelevant and unduly burdensome for purposes of Federal Rule of Civil Procedure 26(b).  (Mov. Br. at 1.)

**II.    Discussion**

Pursuant to the Federal Magistrates Act of 1968, Rule 72(a) of the Federal Rules of Civil Procedure, and Local Civil Rule 72.1, a magistrate judge is authorized to determine non-dispositive matters, such as those concerning pretrial discovery.  Krounelis v. Sherrer, 529 F.

---

[1] A more detailed factual background of underlying dispute is set forth in earlier Opinions by Judge Cavanaugh, see Jeffrey Rapaport, M.D., P.A. v. Robin S. Weingast & Associates, Inc., 859 F. Supp. 2d 706 (D.N.J. 2012), and this Court, see id., No. 11-2254 (SRC), 2013 WL 4607104 (D.N.J. Aug. 29, 2013).  Because the Court writes solely for parties, it will not repeat this factual background here.

2

Supp. 2d 503, 517-18 (D.N.J. 2008). On an appeal of such a matter, brought pursuant to Local Civil Rule 72.1(c)(1)(A), a District Court may reverse the decision of a magistrate judge only if the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L.Civ.R. 72.1(c)(1)(A). As this Court has previously stated, under the clearly erroneous standard "the reviewing [District Court] will not reverse the magistrate judge's determination even if the [Court] might have decided the matter differently." In re Bristol-Myers Squibb Sec. Litig., Civ. No. 00-1990 (SRC), 2003 WL 25962198, at *2 (D.N.J. June 25, 2003).

A District Court should therefore only reverse a magistrate judge's decision when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Mruz v. Caring, Inc., 166 F. Supp. 2d 61, 66 (D.N.J. 2001) (quotation omitted). Moreover, the District Court accords "[p]articular deference . . . to magistrate judges on discovery issues." United States v. Sensient Colors, Inc., 649 F. Supp. 2d 309, 315 (D.N.J. 2009). The burden of showing a magistrate judge's ruling is "clearly erroneous or contrary to law rests with the party filing the appeal." Kounelis, 529 F. Supp. 2d at 518 (quoting Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004)).

In this case, Defendants attempt to carry that burden by making two separate but interrelated arguments. First, Defendants argue that Paragraph Nine of the Discovery Order directs the production of documents that are "plainly" inadmissible as propensity evidence under Fed. R. Evid. 404(b); this, in turn, renders such information "irrelevant" for purposes of Rule 26(b)(1) and thus undiscoverable. (Mov. Br. at 8.) Piggybacking on this argument, Defendants also contend that because Paragraph Nine of the Discovery Order directs the production of

3

"**irrelevant and inadmissible**" matters, the burden of producing such discovery "grossly outweighs the benefit" of production. (See Mov. Br. at 13 (bold typeface in original).)

These arguments miss the mark to such a degree as to border on the frivolous. Rule 26 (b)(1), which governs the scope of permissible discovery, entitles a party to discover information that is "relevant to any party's claim or defense"; such information need not be "admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." As this language implies, "[t]he contemplated breadth of permissible discovery [under Rule 26(b)] extends well beyond the more confined universe of evidence admissible at trial." Bell v. Lockheed Martin Corp., No. 08-6292 (RBK), 2010 WL 3724271, at *7 (Sept. 15, 2010) (citing Hickman v. Taylor, 329 U.S. 495, 507-08 (1947)), *aff'g* 270 F.R.D. 186 (Donio, M.J.); see also Frank v. County of Hudson, 924 F. Supp. 620, 623 (D.N.J. 1996) ("it is important to distinguish the right to obtain information by discovery from the right to use it at trial" (quotation omitted)). Defendants, however, ask the Court to apply Rule 26(b) in the opposite manner: confine the universe of permissible discovery by what may or may not be admissible at trial. If relevance under the discovery rules is indeed "a term of art," see Bell, 2010 WL 3724271, at *7, Defendants' appeal applies the term with a surrealistic brush.

Defendants choose a particularly flawed vehicle – Federal Rule of Evidence Rule 404, which addresses the admissibility of "[c]haracter" and "[o]ther [a]cts" evidence – by which to raise their objection. Rule 26(b)(1) speaks in terms of relevance. Rule 404, however, starts from the assumption that character or propensity evidence is itself relevant for purposes of Rule 401 but should otherwise be excluded for policy reasons. See Michelson v. United States, 335 U.S. 469, 476 (1948) ("The overriding policy of excluding [character or propensity] evidence, despite

4

its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice."). Defendants' appeal, relying as it does entirely on Rule 404, therefore assumes that the discovery they are objecting to is itself relevant.

Consequently, Defendants fail to cite any authority that supports their novel application of Rule 26(b). As Plaintiffs point out, the two main cases cited by Defendants, J & R Ice Cream Corp. v. California Smoothie Licensing Corp. and Becker v. ARCO Chemical Co., do not involve disputes under the Rule. (Opp. Br. at 11.) Rather, in both cases the Third Circuit was reviewing the District Court's application of Fed. R. Evid. 404(b) to determine the admissibility of evidence at trial. See J.R. Ice Cream, 31 F.3d 1259, 1267 (3d Cir. 1994); Becker, 207 F.3d 176, 184-85 (3d Cir. 2000). Insofar as Defendants cite those cases for the proposition that other wrongs or acts evidence is inadmissible if it is proffered strictly to create a character-based inference, Defendants are correct; but what the Third Circuit has established about the proper use of propensity evidence at trial says nothing about the scope of pretrial discovery under Rule 26(b).

All of the foregoing is longhand for the simple proposition that the Court does not rule on admissibility at this stage of a case, and Paragraph 9 of Judge Waldor's Discovery Order – grounded in relevance – is therefore not clearly erroneous or contrary to law. The September 12, 2013 Discovery Order will be affirmed in its entirety. The Court, however, is compelled to note that, based on the motion record, not only do Defendants fail to show that Judge Waldor erred, it is patently obvious Judge Waldor's decision is correct. Rule 404(b), upon which Defendants' entire appeal rests, is a rule of inclusion, not exclusion. United States v. Sriyuth, 98 F.3d 739,

5

745 (3d Cir. 1996). As such, the Rule operates to exclude evidence of prior bad acts if that evidence is relevant only because it tends to prove "a propensity or disposition" to act in a certain manner. See Ansell v. Green Acres Contracting Co., Inc., 347 F.3d 515, 520 (3d Cir. 2003). In other words, evidence should not be excluded under Rule 404(b) if the party proffering it can articulate a theory of relevance other than propensity. See Huddleston v. United States, 485 U.S. 681, 686 (1988).

For example, the Rule itself contemplates admission of prior acts evidence to "prove the existence of a 'plan'" where "the logical relevance of the prior act to the fact in issue . . . is that [the prior act] shares with the subsequent a similar purpose or motivation – a common goal." See Becker, 207 F.3d at 197. Here, Plaintiffs articulate a substantially similar theory of relevance for requesting communications between Defendants and their clients regarding the tax-deductibility of Beta Plans: to wit, Defendants discussed the tax benefits of Beta Plans with Plaintiffs and other clients to facilitate a larger goal or large-scale plan of continuing to make money by administering Beta Plans for their clients. (See Opp. Br. at 11.) Under this theory, Defendants "committed to a course of conduct" that included providing the alleged tax advice at issue in this case, and the tax-related communications with other clients will be proffered "to show this larger goal," not to demonstrate a propensity. See Becker, 207 F.3d at 197 (quoting 22 Wright & Graham, Federal Practice and Procedure § 5244 (2d ed.)). As discussed above, it is not the Court's role at this early stage to determine whether or not Plaintiffs' theory of relevance will render the information discovered pursuant to Paragraph Nine admissible at trial; indeed, it would be impossible to do so, having not seen what that information is. Suffice it to say, however, that Plaintiffs' theory presents a sufficiently colorable basis upon which to determine

6

that Paragraph Nine "appears reasonably calculated to lead to the discovery of admissible evidence." See Fed R. Civ. P. 26(b)(1).  It follows that Judge Waldor operated comfortably within her discretion by compelling the information contemplated by Paragraph Nine of the Discovery Order.

**III. Conclusion**

For the foregoing reasons, the Court will affirm Judge Waldor's September 12, 2013 Discovery Order [Docket Entry 138] in its entirety.  An appropriate form of Order accompanies this Opinion.

s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: November 13, 2013